IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : : : | Consolidated Under MDL DOCKET NO. 875 |
| SCHOTT | : : | Transferred from the Central District of California |
| v. | : : | |
| VARIOUS DEFENDANTS | : | E.D. Pa No. 09-63308 |

FILED
MAR 13 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**O R D E R**

**AND NOW**, this **12th** day of **March, 2014**, after review of Plaintiff's Objections (ECF No. 31) to the Report and Recommendation by Magistrate Judge Rueter (ECF No. 30) granting Defendant's Motion for Summary Judgment (ECF No. 26), it is hereby **ORDERED** as follows:

(1) The Report and Recommendation is **APPROVED** and **ADOPTED**;

(2) Plaintiff's Objections to the Report and Recommendation are **OVERRULED**;

(3) Defendant's Motion for Summary Judgment is **GRANTED**;[1]

---

[1]     This case was transferred in March of 2009 from the United States District Court for the Central District of California to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiff, Theresa Schott, alleges that her husband Robert Schott was exposed to asbestos, inter alia, while serving in the US Navy as a fireman and machinist mate aboard the USS Moore from approximately 1959 to 1966. Mr. Schott ultimately

1

passed away from mesothelioma. Griscom-Russell Company ("GRC") allegedly manufactured an evaporator (or plant distiller) on the USS Moore. Plaintiff alleges that Defendant Viad Corporation ("Viad") is the successor-in-interest to GRC.

Plaintiff brought failure to warn and design defect claims against Viad, asserting that Decedent developed mesothelioma through his exposure to asbestos-containing insulation and gaskets incorporated in the GRC evaporator. Defendant moved for summary judgment arguing that (1) there is insufficient product identification evidence to support a finding of causation with respect to its product(s); (2) it is entitled to the bare metal defense; and (3) it is not the corporate successor to GRC.

By order dated November 3, 2009, this Court referred the matter to the Honorable Magistrate Judge Thomas Rueter. Judge Rueter held oral argument on causation, product identification, and successor liability issues on June 9, 2011. On July 1, 2011, Judge Rueter issued a report and recommendation as to Defendant's motion for summary judgment. Judge Rueter recommended that Defendant's motion be granted because there was "no direct or indirect evidence that Mr. Schott worked with or was exposed to any original or replacement asbestos-containing parts on the evaporator that were manufactured or supplied by GRC."

Plaintiff timely filed objections to Judge Rueter's report and recommendation. Specifically, Plaintiff avers that Judge Rueter (1) failed to credit Plaintiff's expert who allegedly raised triable issues of fact to defeat Defendant's motion for summary judgment on product identification and causation grounds; and (2) improperly granted summary judgment as to her design defect claims.

I. **Legal Standard**

   A. Review of Report and Recommendation Upon Objections

The Court undertakes a de novo review of the portions of the Report and Recommendation to which a party has objected. See 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

2

B.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

C.  The Applicable Law

The parties assert that California law applies. However, where a case sounds in admiralty, application of a state's law (including a choice of law analysis under its choice of law rules) would be inappropriate. Gibbs ex rel. Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 131-32 (3d Cir. 2002). Therefore, if the Court determines that maritime law is applicable, the analysis ends there and the Court is to apply maritime law. See id.

Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this MDL court sits. See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. See Conner v. Alfa

3

Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. Id. at 463-66 (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. Id. In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in Conner) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

### Locality Test

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466; Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

### Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those

4

claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at 534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

It is undisputed that Mr. Schott's alleged exposure to GRC product(s) occurred during his service in the Navy while aboard a ship. Therefore, this exposure was during sea-based work. See Conner, 799 F. Supp. 2d 455. Accordingly, maritime law is applicable to Plaintiff's claims against Defendant. See id. at 462-63.

D.  Bare Metal Defense Under Maritime Law

This Court has held that the so-called "bare metal defense" is recognized by maritime law, such that a manufacturer has no liability for harms caused by - and no duty to warn about hazards associated with - a product it did not manufacture or distribute. Conner v. Alfa Laval, Inc., 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012)(Robreno, J.).

E.  Product Identification/Causation Under Maritime Law

In order to establish causation for an asbestos claim under maritime law, a plaintiff must show, for each defendant, that "(1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); citing Stark v. Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir. 2001). This Court has also noted that, in light of its holding in Conner, 842 F. Supp. 2d 791, there is also a requirement (implicit in the test set forth in Lindstrom and Stark) that a plaintiff show that (3) the defendant manufactured or distributed the asbestos-containing product to which exposure is alleged. Abbay v. Armstrong Int'l., Inc., No. 10-83248, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012)(Robreno, J.).

Substantial factor causation is determined with respect to each defendant separately. Stark, 21 F. App'x. at 375. In

establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or decedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time. Id. at 376 (quoting Harbour v. Armstrong World Indus., Inc., No. 90-1414, 1991 WL 65201, at *4 (6th Cir. April 25, 1991)).

A mere "minimal exposure" to a defendant's product is insufficient to establish causation. Lindstrom, 424 F.3d at 492. "Likewise, a mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient." Id. Rather, the plaintiff must show "'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" Id. (quoting Harbour, 1991 WL 65201, at *4). The exposure must have been "actual" or "real", but the question of "substantiality" is one of degree normally best left to the fact-finder. Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 851 (3d Cir. 1995). "Total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict products liability." Stark, 21 F. App'x at 376 (citing Matthews v. Hyster Co., Inc., 854 F.2d 1166, 1168 (9th Cir. 1988)(citing Restatement (Second) of Torts, § 402A (1965))).

## II. Defendant Viad's Motion for Summary Judgment

### A. Defendant's Arguments

Viad contends that Plaintiff's evidence is insufficient to establish that any product for which it is responsible caused Decedent's mesothelioma. Defendant further argues that, under California law, it has no duty to warn about and cannot be liable for injury arising from any product or component part that it did not manufacture, supply, or install.

### B. Plaintiff's Arguments

Mr. Schott was deposed in a prior case and testified that he removed insulation and scraped gaskets from the GRC evaporator many times. Mr. Schott testified that dust was created when the gaskets were removed from the evaporator. Mr. Schott testified that he breathed in this dust. Mr. Schott testified that it was his understanding that the gaskets he used while he was in the Navy were made of asbestos. Decedent's co-worker Richard Withers testified that the evaporator had an asbestos

insulation covering that they removed before they worked on the unit. Mr. Withers also testified that they worked with pre-made gaskets when replacing the components on the evaporator.

Plaintiff also attaches the declaration of Captain William Lowell. Captain Lowell opined that it was "more likely than not that Mr. Schott was exposed to asbestos materials" while maintaining the GRC evaporator. Captain Lowell asserts that the gaskets, packing, and insulation would have been asbestos-containing and the components would have been supplied originally by GRC. Captain Lowell further opined that it was "more likely than not" that GRC would have supplied the replacement asbestos-containing gaskets for the evaporator.

### III. Analysis

Plaintiff alleges that Decedent was exposed to asbestos from gaskets, packing, and insulation used in connection with a GRC evaporator. There is evidence that Decedent was exposed to dust from gaskets, packing, and insulation used in connection with the evaporator on the USS Moore. There is evidence that these products may have contained asbestos. There is expert testimony from Captain Lowell that the gaskets, packing, and insulation used in connection with the GRC evaporator would have contained asbestos. There is testimony from Captain Lowell that these products "more likely than not" were originally supplied by GRC. There is testimony that GRC "more likely than not" also supplied the replacement components for the evaporator.

Judge Rueter noted that the USS Moore was commissioned in 1944 and Mr. Schott did not board the ship until 1959. Judge Rueter also pointed to testimony from Mr. Withers who stated that he "[could not] imagine" that the original gaskets, packing, or insulation were still incorporated with the evaporator by the time they boarded the ship fifteen years later in 1959.

Importantly, there is no evidence from anyone with personal knowledge that Mr. Schott was exposed to gaskets, insulation, or packing that were original to the GRC evaporator – or replacement gaskets, insulation, or packing that were manufactured or supplied by GRC. As Judge Rueter found, the opinion of Plaintiff's expert, Captain Lowell, while based on experience, is yet impermissibly speculative. See Lindstrom, 424 F.3d at 492 (quoting Harbour, 1991 WL 65201, at *4). Therefore, even when construing the evidence in the light most favorable to Plaintiff, no reasonable jury could conclude from the evidence

7

**AND IT IS SO ORDERED.**

_/s/ Eduardo C. Robreno_
EDUARDO C. ROBRENO, J.

that Decedent was exposed to asbestos from original or replacement gaskets, insulation, or packing manufactured or supplied by Defendant such that it was a "substantial factor" in the development of his illness, because any such finding would be impermissibly conjectural. See Lindstrom, 424 F.3d at 492; Stark, 21 F. App'x at 376; Abbay, 2012 WL 975837, at *1 n.1.

Plaintiff also objects that Judge Rueter improperly granted summary judgment as to Plaintiff's claims for design defect. Plaintiff alleges that Defendant is liable for asbestos-containing replacement gaskets or packing used in connection with the evaporator because it specified and required the use of these in connection with its product. However, with respect to asbestos-containing gaskets, insulation, or packing to which Plaintiff may have been exposed in connection with the GRC evaporator, but which were not manufactured or supplied by Defendant, the Court has held that, under maritime law, Defendant cannot be liable. Conner, 842 F. Supp. 2d at 801. Accordingly, summary judgment in favor of Defendant Viad is warranted as to all of Plaintiff's claims. Anderson, 477 U.S. at 248.

Although Judge Rueter analyzed the instant case under California law, the result is the same under maritime law. In light of this determination, the Court need not reach any of Defendant's other arguments.

## IV. Conclusion

Summary judgment in favor of Defendant is granted with respect to all of Plaintiff's claims against it because Plaintiff has failed to identify sufficient evidence of product identification/causation.